IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTOPHER FARON CARSWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                        ) | CV 119-129 |
| ) | |
| ANDREW M. SAUL, Commissioner of Social ) | |
| Security Administration,           ) | |
| ) | |
| Defendant.                ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff applied for DIB in December 21, 2015, alleging a disability onset date of October 12, 2014. Tr. ("R."), pp. 10, 189-192. Plaintiff's last insured date for purposes of the DIB application is December 31, 2020. R. 12. Plaintiff was thirty-two years old on his alleged disability onset date and was thirty-six years old at the time the ALJ issued the decision currently under consideration. R. 80. Plaintiff alleged disability based on the following conditions: neck

injury; disc five in neck ruptured; herniated disc; and cervical pain/injury. R. 80, 224. Plaintiff completed high school, (R. 225), and prior to his alleged disability date, had accrued relevant work history as a construction worker and forklift operator. R. 17, 215, 225.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 10, 98-99, 118. Plaintiff requested a hearing before an ALJ, (R. 136-37), and the ALJ held a hearing on March 14, 2018. R. 31-79. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, Carrol Crawford, a Vocational Expert ("VE"), and Marquita Rawlings, a witness and engaged to Plaintiff. Id. On August 4, 2018, the ALJ issued an unfavorable decision. R. 10-24.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 12, 2014, the alleged onset date (C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: cervical degenerative disc disease; major depressive disorder, recurrent, moderate; obstructive sleep apnea; and thoracic degenerative disc disease (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] except he can frequently climb

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there

> ramps and stairs, occasionally climb ladders, ropes, and scaffolds, frequently balance, stoop, and kneel, occasionally crouch, and occasionally crawl. The claimant must avoid concentrated exposure to workplace hazards such as machinery and heights, and frequent exposure to bright sunlight. The claimant must be permitted to wear sunglasses as needed. Mentally, the claimant requires a low stress work environment, defined to include no strict production standards. The claimant can have no more than occasional changes in the routine work environment, frequent interaction with colleagues, and frequent interaction with the general public. The work must involve simple tasks and simple workplace decisions. In addition to regularly scheduled breaks, the claimant would also be off task 5% of the workday.
>
> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569 and 404.1569a).

R. 10-24.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly consider (1) Listing 1.04; (2) Plaintiff's limitations in interacting with others and explain how Dr. Adrian Janit's, a consultative examiner, report is included in the RFC; and (3) the weight assigned to Plaintiff's treating physician, Dr. Tracey Barefield,. See doc. no. 11 ("Pl.'s Br."); doc. no. 13 ("Pl's Reply Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 12. ("Comm'r's Br.").

---

> are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

**II.     STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.   DISCUSSION

#### A.   The ALJ Properly Considered Whether Plaintiff's Impairments Met or Medically Equaled Listing 1.04

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that his condition meets or equals a Listing. Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (*per curiam*); Wilkinson *ex rel.* Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In order to show his impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant

5

disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. § 404.1520(d).

Plaintiff argues the ALJ did not adequately determine whether his severe impairments met or medically equaled Listing 1.04 because the ALJ failed to cite any evidence in support of his decision. Pl.'s Br., pp. 15-19. Plaintiff further argues he established Listing 1.04A. The Commissioner argues the ALJ is not required to cite medical evidence in support of his decision at step three, and in any event, the ALJ's decision is supported by substantial evidence. Comm'r's Br., pp. 5-9. At step three, the ALJ found Plaintiff's severe impairments did not meet Listing 1.04 because "[t]he [Plaintiff's] back pain does not manifest itself in any problems ambulating effectively and is not caused by any nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis as required by Medical Listings 1.02 and 1.04. R. 13.

> Listing 1.04 requires:
>
> [A disorder] of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.04.

Upon review of the record, the Court finds the ALJ decision Plaintiff failed to meet Listing 1.04 is supported by substantial evidence. First, Plaintiff's argument the ALJ failed to cite any evidence in support of his decision warrants remand is unpersuasive. The Eleventh Circuit has long held "it is not required that the Secretary mechanically recite the evidence leading to [the] determination. There may be an implied finding that a claimant does not meet a listing." Hutchinson v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986); see also Flemming v. Comm'r of Soc. Sec. Admin., 635 F. App'x 673, 676 (11th Cir. 2015) (finding no error in holding plaintiff did not meet Listing despite absence of detailed factual findings or explicit discussion of conclusion). Thus, the ALJ did not err in reciting a more detailed factual finding as to why Plaintiff failed to meet Listing 1.04.

Second, the ALJ's decision is supported by substantial evidence. Even assuming Plaintiff established the existence of a spinal disorder, which results in a nerve root or the spinal cord being compromised, see R. 447, Plaintiff failed to establish Paragraph A, B, or C, which is required to meet Listing 1.04. There is no argument or evidence Plaintiff met Paragraphs B or C, and therefore, Plaintiff solely argues he met Paragraph A. However, Plaintiff clearly fails to establish any nerve root compression as required because an MRI on November 8, 2014, unequivocally showed no nerve root compression or impingement. R. 446-49.

Additionally, assuming Plaintiff had nerve root compression, the record shows Plaintiff did not sustain the other necessary conditions for twelve consecutive months after his injury in October 2017, while working. See R. 43; 20 C.F.R. §§ 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.") and 404.1525(c)(3) ("[The SSA] will find that

7

your impairment(s) meets the requirements of a listing when it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement (see § 404.1509)."; see also Davenport v. Astrue, 403 F. App'x 352, 353-54 (11th Cir. 2010) (citing Wilson, 284 F.3d 1224) (finding plaintiff must meet specific listing requirements and duration requirement to be found disabled at step three). Specifically, Plaintiff lost range of motion in his cervical and thoracic spine shortly after the work accident, but he regained full range of motion in his cervical and thoracic spine by February 2, 2015. R. 299-327. Further, Plaintiff's motor loss accompanied by sensory or reflex loss was resolved by February 24, 2015. R. 435-39.

Plaintiff argues his range of motion and muscle weakness did not improve, and he continued to meet the Paragraph A sub-criterion after February 2015. Pl.'s Reply Br., pp. 1-2. However, the evidence cited by Plaintiff in his reply brief is deficient because it either refers to an examination in 2014, did not address his range of motion and muscle weakness, only recited Plaintiff's medical history or subjective complaints, or, conversely, stated Plaintiff did not have decreased range of motion, muscle atrophy, or muscle weakness. R. 430-31, 459, 545, 553, 556, 565, 769. Plaintiff does cite one treatment record stating Plaintiff's strength in his right hand was only four out of five on December 21, 2017, but there is no indication Plaintiff's range of motion was limited. R. 771. In sum, the ALJ did not err in failing to explain his decision Plaintiff did not meet listing 1.04, and the ALJ's decision was supported by substantial evidence.

### B. The ALJ Adequately Explained Plaintiff's RFC and it is Supported By Substantial Evidence

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her

8

impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

An ALJ must consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (citing Bowen, 748 F.2d at 635); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit

9

>an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

### 1. The ALJ properly considered Plaintiff's mental impairments in the RFC

Plaintiff argues the ALJ erred by finding Plaintiff had only mild limitations in his ability to interact with others because it is contradictory to the record. Upon review of the record, the Court finds no error, and the ALJ's analysis of Plaintiff's RFC with respect to his mental impairments is supported by substantial evidence.

At step three, the ALJ found Plaintiff only had a mild limitation in his ability to interact with others, noting "no exams document[ing] anxiety of any kind or the presence of anxiety attacks." R. 13. At step four, the ALJ limited Plaintiff's RFC to only allowing frequent interaction with colleagues and the general public. R. 14. In the discussion section of step four, the ALJ examined the medical evidence relevant to Plaintiff's mental impairments, noting Dr. Janit's report Plaintiff only had mild limitations in the ability to "respond appropriately to co-workers, supervisors, and the general public" and other findings from mental health providers. R. 14-17. The ALJ also noted Plaintiff's subjective complaints, concluding his "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 14-15, 17.

Plaintiff cites to the ALJ's findings at step three to argue the ALJ failed to adequately

10

explain Plaintiff's RFC.  Pl.'s Br., pp. 20-21.  However, as stated by the ALJ, the functional areas "are not a [RFC] assessment but are used to rate the severity of the mental impairment at steps [two] and [three] . . . .  The . . . [RFC] assessment reflects the degree of limitation . . . found." R. 14.   Thus, the ALJ's RFC determination and its validity is not limited to what the ALJ found at step three, but instead, it is more appropriately examined at step four with the rest of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(ii-iii) and 404.1520a(d); see SSR 96-8p ("[T]he limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments.")

  Despite Plaintiff incorrectly citing to the ALJ's finding at step three to argue the RFC is not supported by substantial evidence, the crux of Plaintiff's argument is the ALJ's determination Plaintiff could have frequent interaction with colleagues and the general public is not supported by substantial evidence because Plaintiff is more limited.  However, the ALJ's RFC adequately accounts for Plaintiff's mental impairments and is supported by substantial evidence.  Dr. Janit found Plaintiff was only mildly limited in the ability to interact with others, which the ALJ noted and gave significant weight. R. 15-16, 491-96.  Treatment records from Plaintiff's mental health providers show Plaintiff was calm, cooperative, orientated, attentive during examinations and routine visits.  R. 572-73, 597-98, 608-09, 628-29, 653-54, 671-72.  On examination at the Center for Primary Care in early 2018 and late 2017, Dr. Barefield consistently noted Plaintiff exhibited no depression, anxiety, or agitation.  R. 762, 767, 781, 789.   Although Plaintiff presented to the Center for Primary Care primarily for his physical ailments, these records still show Plaintiff was

able to interact with the public and examiners without seeming depressed, agitated, or anxious. Thus, the record shows the ALJ's determination Plaintiff could have frequent interaction with colleagues and the public in the RFC was supported by substantial evidence. Martin, 894 F.2d at 1529 (finding substantial evidence is "more than a scintilla, but less than a preponderance").

Plaintiff relies heavily on his subjective complaints to show he was more impaired than what the ALJ found. However, the ALJ correctly discredited some of Plaintiff's subjective complaints, looking instead to the objective medical evidence. See R. 17. The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). The Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id.

When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."[2] Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence,

---

[2]On March 16, 2016, Social Security Ruling ("SSR") 16-3p superseded SSR 96-7p. SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p eliminates the use of the term "credibility" and clarifies "subjective symptom evaluation is not an examination of an individual's character." Id. However, the change in terminology does not change the substance of the Court's analysis. See Cates v. Comm'r of Soc. Sec., 752 F. App'x 917 (11th Cir. 2018); Waters v. Berryhill, CV 316-002, 2017 WL 694243, at *6, n.4 (S.D. Ga. Jan. 30, 2017), *report and recommendation adopted by* 2017 WL 693275 (S.D. Ga. Feb. 21, 2017.)

laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

Subjective symptom evaluations "are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Moreover, this Court is required to uphold the Commissioner's determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to [subjective symptoms], . . . the implication must be obvious to the reviewing court.  The [subjective symptom] determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

The ALJ properly concluded Plaintiff's subjective complaints were not entirely consistent with the objective evidence of record.  As stated by the ALJ and above, Plaintiff did not exhibit such mental impairment at examinations such that greater limitations in his ability to interact with the general public and colleagues were warranted in the RFC.  R. 491-96, 572-73, 597-98, 608-09, 628-29, 653-54, 671-72.  Plaintiff even conversely stated to Dr. Janit he was always respectful and cooperative to supervisors and tended to get along with coworkers.  R. 492.  Thus, the ALJ had good cause to discredit some of Plaintiff's subjective complaints.

Plaintiff also cites to Counselor Linda Sherrard's examination records on October 14, 2016,

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

wherein she finds Plaintiff was moderately impaired in his ability to "maintain social functioning or inability to establish/maintain relationships," to show Plaintiff was more impaired. R. 537. However, these same records find Plaintiff was cooperative, alert, logical, and coherent. R. 516, 533. Even if the Court accepted Plaintiff's assertion that he was moderately impaired in his ability to interact solely based on Counselor Linda Sherrard above finding, Plaintiff fails to show what additional limitations are warranted and how the ALJ's current limitations in the RFC do not support the record.

Plaintiff also cites to the ALJ conclusion at step three that "no exams document anxiety of any kind or the presence of anxiety attacks" to argue the ALJ failed to adequately consider the effect of Plaintiff's anxiety on his ability interact with others. Pl's Reply Br., p. 3; see R. 13. First, as discussed above, the ALJ's determination at step three is not an RFC assessment. Second, the ALJ adequately considered Plaintiff's anxiety in the RFC. Although there is documentation Plaintiff had an anxious mood and exhibited signs of anxiety, the ALJ's decision when viewed as a whole show he accounted for such impairments. The ALJ cited to and discussed the exact same records Plaintiff now cites to show the existence of his anxiety, thereby showing consideration of such evidence. Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) ("'[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (quoting Dyer, 395 F.3d at 1211)); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits"). However, there is no medical documentation showing Plaintiff was more limited than what the ALJ concluded.

14

Further, the ALJ remarked Plaintiff stopped taking medication in 2017 and only restarted when some symptoms resurfaced, indicating his impairment was not as severe or limiting. R. 651. The ALJ also correctly noted there is no evidence Plaintiff was suffering from medically diagnosed anxiety attacks.

In sum, the ALJ's determination Plaintiff had a mild impairment in interacting with other was not an RFC assessment and is not determinative. Considering the entire record, especially the ALJ's step four discussion, the ALJ clearly considered Plaintiff's mental impairments and whether Plaintiff could interact with colleagues and the general public. Thus, there is substantial evidence supporting the ALJ's RFC determination Plaintiff could have frequent interaction with colleagues and the general public.

### 2. The ALJ Properly Considered Dr. Janit's Report in the RFC

Plaintiff argues the ALJ erred by not including any limitation in the RFC or to the VE concerning Plaintiff's possible absenteeism after Dr. Janit found Plaintiff was probably mildly to moderately impaired in his ability "to adhere to a work schedule and complete tasks in a timely fashion" and probably moderately limited in his "ability to withstand the stresses and pressures associated with most work settings." See R. 495. However, in Hand v. Soc. Sec. Admin., Comm'r, 786 F. App'x 220, 225-26 (11th Cir. 2019), the Eleventh Circuit held an ALJ did not err in failing to include all limitations from a medical source opinion because nothing in the regulations require ALJ's to take "an all-or-nothing approach when assessing medical source opinions." The ALJ in Hand found the plaintiff could "frequently interact with coworkers and supervisors" despite a medical source, which was given great weight by the ALJ, finding they "would have some difficulty dealing with workplace interactions and work pressures." Id. at 225. The Eleventh Circuit ruled such a vague assessment was accounted for

in the RFC by limiting the plaintiff to "non-complex tasks, infrequent and gradual workplace changes, and limited interaction with the public." Id.

Similarly, Dr Janit stated Plaintiff's "depressive and anxious symptoms are likely to impact his attendance, perseverance, and ability to complete tasks" and "everyday stressors have the potential to exacerbate his psychological symptoms related to depression and anxiety." R. 495. Dr. Janit's report cannot be read to mean Plaintiff would definitely be absent. Instead, Dr. Janit referenced Plaintiff's attendance, perseverance, and ability to complete tasks together. The ALJ clearly accounted for this assessment by including in the RFC Plaintiff needs regularly scheduled breaks and would be off task five percent of the time. R. 14. The ALJ also included that in the hypothetical to the VE. R. 72. Further, there is no requirement the ALJ adopt or included in the RFC every possible limitation Dr. Janit contemplated.

Plaintiff seemingly wants the Court to revisit the issue of disability *de novo*. The law does not allow the Court to do this. A determination as to whether there is substantial evidence in the record to support fact findings in a Social Security disability case does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner. See Moore, 405 F.3d at 1211. In sum, there is substantial evidence supporting the ALJ's RFC and consideration of Dr. Janit's report.

    **C.**    **The ALJ Properly Assigned the Opinion of Treating Physician, Dr. Tracey Barefield, Partial Weight**

Plaintiff argues the ALJ erred in giving Dr. Barefield's medical source opinion only partial weight because the ALJ did not explain the weight assigned to Dr. Barefield's opinion and failed to apply the applicable factors to discredit a treating physician's opinion. For the reasons stated below, the Court disagrees and finds the ALJ's decision to give Dr. Barefield's

16

opinion only partial weight is supported by substantial evidence.

### 1. Assigning Weight to Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips, 357 F.3d at 1241 (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (*per curiam*) (citing 20 C.F.R § 404.1527(c).

Additionally, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 404.1527(c)(1)-(2), (5). Under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. 20 C.F.R. § 404.1527(d).

### 2. The ALJ Properly Discounted the Opinion of Treating Physician, Dr. Barefield

Plaintiff first argues the ALJ failed to discuss the weight assigned to Dr. Barefield's opinion and, then, conversely argues the ALJ, in his discussion of the weight assigned to Dr. Barefield's opinion, erred by failing to apply the correct factors. At its core, Plaintiff's argument is the ALJ's decision to give Dr. Barefield's opinion partial weight as a treating physician is not supported by substantial evidence. Dr. Barefield treated Plaintiff as a general physician from 2014 to 2018 on a range of ailments from back pain, headaches, and mental illness. R. 282-97, 542-69, 761-90. Dr. Barefield completed a medical source statement on March 12, 2018. Therein, she opined, in highly conclusory and general fashion, that Plaintiff could not perform any sedentary work because "Plaintiff's physical problems coupled with his PTSD and ADHD make it difficult if not impossible for him to hold a job or work a 40 hour work week." R. 791-92. In addition, Dr. Barefield stated she believed Plaintiff's subjective symptoms were consistent with the objective clinical and laboratory findings and he would be absent form work more than four days a month. Id.

The ALJ gave Dr. Barefied's opinion partial weight because she never recommended surgery or other treatments like pain management to alleviate Plaintiff's symptoms. R. 16. The ALJ continued by finding Dr. Barefield's opinion was "not fully supported by the balance of the medical record," and the ALJ noted Dr. Barefield's treatment records consistently stated no mental issues and Plaintiff's improvement on pain medication. R. 16.

An ALJ only may reject a treating physician's opinion if it is unsupported by objective medical evidence, merely conclusory, or inconsistent with the physician's own medical records. Lewis, 125 F.3d at 1440. The ALJ properly determined Dr. Barefield's opinion was unsupported by objective medical evidence because Dr. Barefield's treatment notes do not indicate such debilitating impairment as opined in the medical source statements. Dr. Barefield routinely found "no depression, anxiety, or agitation" upon examination from September 1, 2016 to February 23, 2018. R. 761-90. Further, Dr. Barefield's examinations show Plaintiff had "4/5" right hand strength but negative for a straight leg test, normal range of motion and "5/5 strength everywhere else. R. 762.

Although Plaintiff used a cane to assist ambulating on examination in February 23, 2018, generally from 2016-2018, Dr, Barefield noted Plaintiff was well nourished, well hydrated, and in no acute distress. R. 761-90. Plaintiff even stated on January 11, 2018, he was actively going to college for web design and "working on getting his music business off the ground." R. 765. All of these facts, combined with the rest of the record as discussed above in §§ III.A.B., supra, support the ALJ giving Dr. Barefield's opinion only partial weight because it was not supported by the record. Although Plaintiff cites to additional evidence in support of his argument, substantial evidence is not a high burden to overcome. Martin, 894 F.2d at 1529 (finding substantial evidence is "more than a scintilla, but less than a preponderance").

19

Thus, the ALJ had good cause discredit the Dr. Barefield's opinion and the ALJ's finding is supported by substantial evidence.

Plaintiff also argues the ALJ failed to apply every factor when considering the weight to give Dr. Barefield's opinion. There is no requirement the ALJ explicitly address ever factor. See Lawton v. Comm'r Soc. Sec., 431 F. App'x 830, 833 (11th Cir. 2011) (holding ALJ "is not required to explicitly address each of [the] factors" and instead must simply provide good cause as shown by a treating physician's opinion not being bolstered by the evidence).

Finally, Dr. Barefield's opinion is so general in nature that it strays past medical diagnoses and limitations into the area reserved solely for the ALJ. Indeed, by vaguely referencing a host of Plaintiff's alleged conditions and blithely stating Plaintiff cannot work any sedentary job, Dr. Barefield substituted her judgment for that of the ALJ's, which is impermissible and not entitled to any deference. 20 C.F.R. § 404.1527(d).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA